IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE ANDREW MITCHELL-
PENNINGTON,

           Plaintiff,

v.                                                                 Case No. 23-2324-JWB

INSTALLTEC, INC.,

           Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's claim. (Doc. 19.) The motion is fully briefed and ripe for decision. (Docs. 20, 25, 26.) For the reasons stated herein, Defendant's motion to dismiss is TAKEN UNDER ADVISEMENT.

**I.    Standard**

A complaint must contain enough facts to state a claim of relief that is plausible on its face to withstand a Rule 12(b)(6) motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). At the motion-to-dismiss stage, a reviewing judge accepts all well-pleaded allegations in the complaint as true. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). The reviewing judge also views all well-pleaded facts and the reasonable inferences derived therefrom in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires

1

only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted). In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support its claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

The court is also mindful that Plaintiff appears pro se. As a general rule, a pro se litigant's pleadings are to be "construed liberally" and held to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court must not become an advocate for a pro se litigant. *See id.* Additionally, a court cannot discover new facts for the plaintiff nor "construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Put differently, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110.

**II.     Background and Analysis**

Here, Plaintiff alleges in his complaint that he was discriminated against on the basis of his race and disability in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et. seq.) and the American with Disabilities Act ("ADA") (42 U.S.C. §§ 12101, et. seq.). (Doc. 1 at 1, 3). More specifically, Plaintiff alleges Defendant violated Title VII and the ADA in the following ways: termination of his employment, failure to promote plaintiff, failure to accommodate his disability, his terms and conditions of his employment differed from those of similar employees, he was retaliated against, and he was harassed. (*Id.*)

Plaintiff only alleges four facts in his complaint to support these allegations: (1) he experienced harassment, (2) he reported the harassment to Defendant's Operation Manager, (3)

the Operation Manager told him to return the next day, and (4) when Plaintiff arrived the next day, the Operation Manager terminated his employment. (Doc. 1 at 4.) Although Plaintiff alleges that he experienced harassment and reported the same, the complaint lacks any facts regarding this harassment. Notably, Plaintiff has failed to tie the harassment to his race or his alleged disability. Therefore, Plaintiff does not allege sufficient facts in his complaint to set forth plausible claims for all of Defendant's alleged violations of Title VII and the ADA. Plaintiff's retaliation claims suffer the same defects.

The elements of a retaliation claim under Title VII require Plaintiff to show: "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006). Similarly, to plead a retaliation claim under the ADA, Plaintiff must allege that: "(1) he 'engaged in a protected activity'; (2) he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'; and (3) there was 'a causal connection between the protected activity and the adverse employment action.'" *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999)).

Plaintiff claims he engaged in protected activity by reporting harassment to his supervisor. (Doc. 1 at 4.) Plaintiff also alleges he suffered an adverse employment action when his employment was terminated a day after he reported the harassment. (*Id.*) Again, however, Plaintiff fails to identify any facts related to the alleged harassment.

A plaintiff must plead facts that provide enough context and detail that link the adverse employment action to a discriminatory motive. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th

Cir. 2019). Plaintiff cannot support his claims with mere conclusory statements and "sheer speculation." *Id.* The court concludes Plaintiff failed to provide context that would support a link of his termination to a discriminatory motive because he did not provide context to the harassment. It is the same with his ADA retaliation claim: Plaintiff alleged a barebones harassment claim without a connection to his disability. Thus, Plaintiff's pleadings are insufficient.

Nevertheless, Plaintiff's response to Defendant's motion to dismiss contains more detailed factual allegations. (Doc. 25 at 1–2.) Therefore, at this time, the court cannot conclude that an amendment would be futile and will allow Plaintiff leave to amend his complaint to provide sufficient factual bases under the respective statutes (i.e., Title VII and the ADA) for his claims.

### III. Conclusion

Defendant's motion to dismiss is TAKEN UNDER ADVISEMENT. Plaintiff is given until December 22, 2023, to file an amended complaint. If Plaintiff fails to amend his complaint, the court may grant the motion to dismiss (Doc. 19) without further notice.

IT IS SO ORDERED. Dated this 8th day of December 2023.

\_\_\_s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE