IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE ANDREW
MITCHELL-PENNINGTON,

          Plaintiff,

v.                                           Case No.  23-2324-JWB

INSTALLTEC, INC.,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim.  (Doc. 31.)   The motion is fully briefed and ripe for decision.  (Docs. 32, 34, 35, 37.)  The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.   Facts**

Plaintiff is African American and suffers from post-traumatic stress disorder ("PTSD") and attention-deficit/hyperactivity disorder ("ADHD").  He began work at Defendant Installtec, Inc. on January 18, 2022, and he was fired less than three weeks later on February 3, 2022.  Plaintiff alleges he endured harassment and discrimination during his brief time employed by Defendant.

Plaintiff argues that the discriminatory conduct began on his first day, when he was told to leave.  After this initial instance of allegedly discriminatory conduct, he complained to the operation manager that he was discriminated against because of his race and PTSD and ADHD. According to Plaintiff, this treatment did not stop.

1

Plaintiff specifically alleges that he was treated differently than other employees. His supervisors ordered him to carry the heaviest tubs of material to the dump. He was also labeled as lazy and his coworkers called him lazy. Plaintiff claims his supervisors and coworkers identified him as an "issue" and "problem-employee" because he reported and complained of discrimination.

Throughout Plaintiff's time working for Defendant, he consistently reported that he endured discrimination and harassment. He claims to have reported to his direct supervisor (foreman Mike) that he was being harassed and discriminated against by other foremen. Additionally, Plaintiff alleges that he reported to the foremen's supervisor, the Operation Manager, that all the foremen—including foreman Mike—discriminated and harassed him.

On the day before Defendant fired Plaintiff, he complained again to his supervisors about harassment and discrimination because of his race and PTSD and ADHD. Defendant fired Plaintiff on February 3, 2022. He filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2022, and he received his right-to-sue letter from the EEOC on May 4, 2023. (Doc. 1-2.) Plaintiff filed his initial complaint July 25, 2023. (Doc. 1 at 4.)

Plaintiff raises retaliation and discrimination claims under both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA") in his amended complaint. (Doc. 29.) Defendant has moved to dismiss Plaintiff's ADA and Title VII discrimination and retaliation claims.[1] The court considers Defendant's arguments in turn.

II. **Standard**

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v.*

---

[1] Unless otherwise indicated, the facts contained in Section I are from Plaintiff's amended complaint. (Doc. 29.)

*Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Id.* Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

The court is required to liberally construe Plaintiff's pleadings because he proceeds pro se. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

### III. Analysis

Before addressing Defendant's motion to dismiss Plaintiff's Title VII and ADA retaliation and discrimination claims, the court notes that Plaintiff is not required to plead a prima facie case of retaliation or discrimination in his complaint. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (discussing how a plaintiff need not plead a prima facie case to establish a claim of discrimination and retaliation under Title VII). This applies to a retaliation and discrimination claim under the ADA as well. *See Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1173, 1174 (D. Kan. 2017) (applying *Khalik's* prima facie pleading rule to ADA discrimination and retaliation claims). According to the Supreme Court, it is premature to require a plaintiff to plead a prima facie case to survive a motion to dismiss, as it could require a plaintiff "to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).

With this general framework in mind, the court takes Defendant's arguments in turn.[2]

### A. Title VII Race Retaliation

The elements of a Title VII retaliation claim are: "(1) that [plaintiff] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008) (citation omitted).

Defendant focuses on element one. It argues that Plaintiff has failed to set forth facts that Defendant engaged in discriminatory conduct, (Doc. 32 at 4), and thus, Plaintiff could not have engaged in protected opposition to discriminatory conduct because there was none.[3] (*Id.* at 3.)

Defendant misstates what is required of Plaintiff at this stage in the proceeding. Plaintiff does not need to demonstrate that the conduct he opposed violated Title VII. *See Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021). Rather, Plaintiff must show he had a "reasonable good-faith belief that the opposed behavior was discriminatory." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1016 (10th Cir. 2004). This inquiry requires the court to consider the law and a reasonable employee's beliefs about the law. *See Reznik*, 18 F.4th at 1262. However, the court should not assume that the "reasonable employee" is an employment lawyer. Thus, even if the complained of conduct does not strictly violate Title VII, that does not foreclose a plaintiff's retaliation claim so long as the conduct reasonably appeared to a layman employee to have violated Title VII. The reasonableness inquiry requires the court to "analyz[e] the law, the relevant

---

[2] The court will identify the prima facie elements for each claim, though; this is not done to imply that Plaintiff needed to plead a prima facie case, but rather to assist with and guide the court's analysis. *See Khalik,* 671 F.3d at 1192 (discussing how the elements of a cause of action assist a court with deciding if there is a plausible claim).

[3] Because Defendant did not raise arguments regarding the other elements, the court assumes for the purposes of this motion that Defendant has conceded that Plaintiff suffered an adverse employment action and that it was causally connected to his protected activity.

4

attendant circumstances of [a plaintiff's] job, and the severity, pervasiveness, and duration of the alleged discrimination."[4] *Id.*

Based upon the facts in Plaintiff's complaint, a reasonable employee could believe Defendant's conduct violated Title VII. This is so because an employer violates Title VII by treating similarly situated employees differently. *See E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1316 (10th Cir. 1992). Here, Plaintiff claims that Defendant treated him differently than other similarly situated employees by forcing him to carry heavier material to the dump. (Doc. 29 at 4.) Plaintiff loosely connects this conduct to his race.[5] (*Id.*) Plaintiff also alleges he was subject to discriminatory conduct for nearly two weeks, and it started on his first day. (*Id.*) He claims he reported the discrimination to his supervisors, but it did not stop. (*See id.* at 3–4.) Accordingly, although it is a close call, the court holds that Plaintiff has alleged facts sufficient to demonstrate that a reasonable employee would believe Defendant's conduct violated Title VII and overcomes Defendant's motion to dismiss his Title VII retaliation claim.

### B. Title VII Race Discrimination

Under Title VII discrimination, to plead a prima facie case, a plaintiff must allege facts to support the following: "(1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007). Defendant provides two arguments for why Plaintiff's Title VII race discrimination claim

---

[4] The Tenth Circuit explained that its analytical framework did not collapse the subjective belief analysis into the objectively reasonable analysis, but that the framework gives effect to both prongs.

[5] It is important to note that under a Title VII race retaliation claim, there does not need to be an actual violation of Title VII to trigger protection against retaliation. *See Reznik*, 18 F.4th at 1262–63. It is based upon Plaintiff's subjective good faith and reasonable belief that the conduct violated Title VII. As such, the protection for a retaliation claim has been considered broader than that of discrimination. *Id.* at 1263. Liberally construing the facts here, the court holds at this point in time that Plaintiff reasonably believed that he was carrying heavier loads and being treated unfairly because of his race.

should be dismissed: (1) Plaintiff has not alleged facts sufficient to establish Defendant engaged in discriminatory conduct, and (2) if Defendant engaged in discriminatory conduct, Plaintiff failed to allege it was taken with a discriminatory motive.  In effect, Defendant argues that Plaintiff has not alleged facts that support an inference that he was subject to discrimination.

The court notes that at the motion to dismiss stage, there are different standards to adjudge Title VII retaliation claims and Title VII discrimination claims.  As discussed above, for a Title VII retaliation claim, a plaintiff need only reasonably and in good faith believe that the conduct violated Title VII—measured by a layman employee's understanding of what would be a violation.

However, this is not the standard for a Title VII discrimination claim.  For a discrimination claim, a plaintiff must "link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.'" *Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019) (citation omitted).  A plaintiff cannot rely on conclusory statements like "she did not receive an employment benefit that 'similarly situated' employees received." *Id.* at (citation omitted).  According to the Tenth Circuit, those types of statements are conclusory and insufficient to give rise to an inference of discrimination.

Plaintiff's allegations are conclusory and are the type identified by the Tenth Circuit as not supporting an inference of discrimination.  Plaintiff's first accusation is that he was told to leave on his first day of work.  (Doc. 29 at 3.)  However, he provides no facts surrounding the allegation—just that he was told to leave.  Plaintiff also asserts that he was treated differently by having to carry heavier tubs of material.  (*Id.* at 4.)  However, he fails to provide evidence that he carried the heavier loads because of his race.  Instead, he gives a conclusory statement about how he was treated differently than other employees that amounts to sheer speculation.  He does not provide facts, for instance, that he was the only non-white employee performing harder tasks.

Therefore, Plaintiff has not provided the court with enough facts to support an inference that he was subject to discrimination, and Defendant's motion to dismiss Plaintiff's Title VII discrimination claim is granted.

### C. ADA Retaliation

To establish an ADA retaliation claim, a plaintiff must demonstrate: "(1) he 'engaged in a protected activity'; (2) he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'; and (3) there was 'a causal connection between the protected activity and the adverse employment action.'" *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (citation omitted). However, as discussed, a plaintiff need not establish a prima facie ADA retaliation claim in a complaint. *See Blakely*, 256 F. Supp. 3d at 1174 (citing *Khalik*, 671 F.3d at 1193). Nevertheless, the court relies upon the elements to guide its analysis.

Defendant's argument is that Plaintiff failed to engage in a protected activity (i.e., element one). Defendant acknowledges that Plaintiff reported to his supervisors that he was experiencing discrimination. However, Defendant, relying on *Taher v. Wichita State University*, 526 F. Supp. 2d 1203, 1221 (D. Kan. 2007), a Title VII retaliation case in which a motion for *summary judgment* was at issue, argues that Plaintiff did not engage in protected activity because when he complained about discrimination and harassment, he failed to tie that discrimination back to his PTSD and ADHD, and in his complaint, raises only vague references to discriminatory conduct.

The court is not persuaded. At issue here is a motion to dismiss, not a motion for summary judgment. Plaintiff does not have to establish a prima facie case for each element in his complaint. Moreover, the applicable standard for determining if Plaintiff engaged in protected activity is whether he had a reasonable, good faith belief that Defendant violated the ADA when he addressed

7

conduct at issue. *See Weil v. Carecore Nat.*, LLC, 833 F. Supp. 2d 1289, 1295 (D. Colo. 2011). Broken down, Plaintiff (1) must engage in protected opposition, and (2) do so with both a good faith and reasonable belief that Defendant violated the ADA.

First, Plaintiff engaged in multiple forms of protected opposition against Defendant's conduct. Plaintiff *complained* to several supervisors about being harassed and discriminated against for his ADHD and PTSD. *See* Doc. 29 at 3–4; *see Weil, LLC*, 833 F. Supp. 2d at 1295 (recognizing filing a complaint as protected opposition to discrimination). Plaintiff also requested to be transferred to a different crew or that he be allowed to carry less material to the dump. *See* Doc. 29 at 4; *Blakely*, 256 F. Supp. 3d at 1174 (recognizing that a request for an accommodation can be protected activity).

Second, the court does not question Plaintiff's good faith belief that Defendant violated the ADA.

Lastly, based on the facts in Plaintiff's complaint, the court holds that he reasonably believed Defendant violated the ADA. Plaintiff allegedly carried heavier loads to the dump, he was labeled lazy, and was told to leave on his first day. *See* Doc. 29 at 4. Plaintiff also alleges that his supervisors taunted/slandered him. *See id.*

Therefore, the court finds that Plaintiff alleges he engaged in protected activity under the ADA. He complained about harassment and discrimination due to his disabilities, requested that he be transferred to a different crew or just carry lighter loads to the dump, and reasonably and in good faith believed that Defendant violated the ADA when he made his requests and voiced his complaints.

**D. ADA Discrimination**

The elements of an ADA discrimination claim are: "(1) the plaintiff be disabled or perceived as disabled by his employer; (2) the plaintiff be qualified to perform reasonable functions of his job, with or without reasonable accommodation; and (3) the plaintiff suffered discrimination as a result of his disability." *Smith v. Hillshire Brands*, No. 13-2605, 2014 WL 2039848, at *2 (D. Kan. May 16, 2014). And while "a plaintiff need not plead a prima facie case in order to survive a motion to dismiss," *Markham v. Salina Concrete Prod., Inc.*, No. 10-1104-JTM, 2010 WL 5093769, at *2 (D. Kan. Dec. 8, 2010) (citing *Jackson v. Iasis Healthcare Corp.*, 92 F. App'x 763, 765 (10th Cir. 2004)), the complaint must set forth "plausible claims." *See Blakely*, 256 F. Supp. 3d at 1173 (citation omitted). Again, the court sets forth the elements of a prima facie ADA discrimination claim to help guide its analysis.

Here, Defendant's argument is that Plaintiff has not successfully pleaded a prima facie case for elements two and three. (Doc. 32 at 5.)

Defendant relies on the cases *White v. York Int'l Corp.*, 45 F.3d 357 (10th Cir. 1995), and *Adair v. City of Muskogee*, 823 F.3d 1297 (10th Cir. 2016), to argue that Plaintiff must provide facts indicating he can perform the essential functions of the job, and if he cannot perform the essential functions, then he must show that Defendant could have provided a reasonable accommodation and describe that accommodation. (Doc. 32 at 5.) According to Defendant, Plaintiff has not alleged a single fact that he could perform the essential functions of the job. (*Id.*)

The court disagrees with Defendant. First, Defendant's reliance on *White* and *Adair* is misplaced. Those cases involved motions for summary judgment, and hence, required evidence in support of the elements. Again, at this point in the proceeding, Plaintiff does not need to establish a prima facie case for each element. *See Blakely*, 256 F. Supp. 3d at 1173 (citing *Khalik*, 671 F.3d at 1193). And second, Plaintiff appears to have been qualified for the job; taking the

9

facts in complaint as true, Plaintiff completed his tasks and did so having to carry heavier loads than other employees. (*See* Doc. 29 at 4.) Thus, he was performing his job competently without a reasonable accommodation.

However, under this court's reading of Plaintiff's complaint, he only offers a conclusory statement about being discriminated against and harassed for his learning disabilities. He provides no facts linking the alleged harassment to his disabilities, and any mention of specific forms of alleged discriminatory conduct is tied to his race, not his disabilities. At this point, Plaintiff's pleadings are simply insufficient to support an inference that he suffered discrimination because of his disabilities.[6]

Therefore, Defendant's motion to dismiss Plaintiff's ADA discrimination claim is granted.

## IV. Conclusion

For the reasons stated herein, Defendant's motion to dismiss (Doc. 31) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED. Dated this 30th day of April, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[6] There is a claim of discrimination under the ADA for failure to adopt a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A); *see Selenke v. Med. Imaging of Colorado*, 248 F.3d 1249, 1261 (10th Cir. 2001). In Plaintiff's amended complaint, he alleges that he requested two reasonable accommodations: 1) to carry lighter loads to the dump, and 2) a transfer to a different crew. (*See* Doc. 29 at 4.) Defendant also admits that it denied these reasonable accommodations. (Doc. 32 at 6.) But Plaintiff did not claim that he was raising this ADA discrimination claim, and the court cannot act as a pro se plaintiff's advocate. In Plaintiff's response to Defendant's motion to dismiss, he could have raised the legal argument that he was actually raising an ADA discrimination claim for failure to adopt a reasonable accommodation. Plaintiff did no such thing, and despite Plaintiff's pro se status, the court is not going to construct a legal argument for him.