IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEE ANDREW
MITCHELL-PENNINGTON,

              Plaintiff,

v.                                                            Case No. 23-2324-JWB

INSTALLTEC, INC.,

              Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for summary judgment (Doc. 106), and Plaintiff's motions for summary judgment. (Doc. 118, 121.) The motions are fully briefed and ripe for decision. (Docs. 107, 117, 119, 122, 124, 131, 139.) Defendant's motion is GRANTED and Plaintiff's motions are DENIED for the reasons stated herein.

**I. Standard**

Summary judgment is appropriate if the moving parties demonstrate that there is no genuine dispute as to any material fact and the movants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

In considering a motion for summary judgment, the facts set forth in the motion must refer "with particularity to those portions of the record upon which" the moving party relies. D. Kan.

R. 56.1(a).  "All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." *Id.*  To properly dispute a proposed statement of material fact, the opposing party must "refer with particularity to those portions of the record upon which the opposing party relies." D. Kan. R. 56.1(b)(1).  Failure to properly controvert a proposed fact that is properly supported will result in a determination that the fact is admitted.  *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008) (finding that the "district court was correct to admit all facts asserted in Blue Cross's summary judgment motion that are not controverted by a readily identifiable portion of the record.") (internal quotation and citation omitted).

Furthermore, the court is required to liberally construe Plaintiff's pleadings because he proceeds pro se.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## II.  Facts

Plaintiff was served with the motion for summary judgment and a corresponding notice to a pro se litigant who opposes a motion for summary judgment.  (Doc. 108.)  That notice tells Plaintiff how to comply with both Federal Rule of Civil Procedure 56 and local rule D. Kan. R. 56.1 when responding to a motion for summary judgment.  Even though Plaintiff received the notice, Plaintiff did not comply with D. Kan. R. 56.1(b)(1).  He did not controvert any of Defendant's facts in its summary judgment briefing.  (Doc. 107.)  Instead, Plaintiff asserted his own alleged material facts.  (Doc. 117-1 at 3–5.)  Defendant's facts, therefore, are deemed uncontroverted and admitted.  As such, a short summary of the facts is all that is necessary.

Plaintiff worked for Defendant from January 18, 2022, through February 4, 2022. Defendant fireproofs buildings that are under construction; specifically, it sprays foam and other fireproofing material during the construction phase. When Plaintiff worked for Defendant, Defendant was a subcontractor for a large project in Olathe, Kansas. Plaintiff was hired to work on that project. His job duties were cleaning, laying plastic, and filling buckets with mud and water. Plaintiff's employment was terminated on February 4, 2022. (Doc. 107 at 2–3.)

Plaintiff was terminated because he refused to perform his job responsibilities, failed to follow instructions from his supervisors, was on his phone recording others instead of working, was aggressive toward his coworkers and supervisors, and was late and missed work. (*Id.* at 4.)

Plaintiff currently has five claims: (1) Title VII race discrimination, (2) Title VII race retaliation, (3) Americans with Disabilities ("ADA") discrimination, (4) ADA retaliation, and (5) ADA discrimination for failure to adopt a reasonable accommodation. (Doc. 47.) However, Defendant has only moved for summary judgment on Plaintiff's Title VII and ADA retaliation claims. (Doc. 107 at 2.) This is because the court dismissed Plaintiff's Title VII and ADA discrimination claims on April 20, 2024. (Doc. 39.) However, Plaintiff filed a second and third amended complaint. (Docs. 44, 47.) He asserted these five claims in his third amended complaint. Defendant then answered Plaintiff's second amended complaint, (Doc. 50), and filed a notice that it did not oppose Plaintiff filing a third amended complaint. (Doc. 51.) The magistrate judge then ruled that the third amended complaint is the operative pleading. (Doc. 53.) Thus, Plaintiff currently has five claims.

Ordinarily, the court would only consider the two claims Defendant has addressed in its motion for summary judgment. However, Plaintiff is proceeding in forma pauperis ("IFP") and

3

filed two motions for summary judgment. Thus, the court was able to assess Plaintiff's evidence and will address all five of Plaintiff's claims.

**III.   Analysis**

    **A. Title VII and ADA Retaliation Claims**

Plaintiff asserts that he has direct evidence to support his retaliation claims. (Doc. 117-1 at 8.) However, as discussed in Section II, Plaintiff failed to properly controvert the material facts in Defendant's motion for summary judgment. Hence, according to the uncontroverted and admitted facts, Plaintiff was fired because he refused to perform his job responsibilities, failed to follow instructions from his supervisors, was on his phone recording others instead working, was aggressive toward his coworkers and supervisors, and was late and missed work.

Under both Title VII and the ADA, a plaintiff needs to demonstrate that the adverse employment action occurred because of protected activity. *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006) (identifying the third element in a Title VII retaliation claim as "a causal connection existed between the protected activity and the materially adverse action"); *see Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1187 (10th Cir. 2016) (quoting a Tenth Circuit case wherein the court identified the third element of an ADA retaliation claim to be "a causal connection between the protected activity and adverse employment action") (citation omitted). Plaintiff's adverse employment action had no connection to his alleged complaints about suffering from both harassment and discrimination. Instead, Defendant terminated Plaintiff for legitimate reasons unrelated to his complaints of discrimination.

Therefore, Defendant's motion for summary judgment on both Plaintiff's Title VII and ADA retaliation claims is granted.

B.        Title VII and ADA Discrimination Claims

Because Plaintiff is proceeding IFP, the court will review his discrimination claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) to ensure they are not frivolous or malicious.

Based on Plaintiff's third amended complaint (Doc. 47), the adverse employment action he suffered is the termination of his employment. (*Id.* at 2.) The court previously dismissed Plaintiff's Title VII and ADA discrimination claims because his pleadings did not support an inference that he suffered discrimination due to his race or perceived disabilities.[1] (*Id.* at 6–7, 10.) The court noted in its dismissal order that Plaintiff offered only conclusory statements about how he was treated differently. (*Id.* at 6, 10.) Upon reviewing his third amended complaint, the court reaches the same conclusion about the Title VII discrimination claim and the ADA discrimination claims raised therein. There appears to be little substantive difference between his amended complaint and the third amended complaint. Plaintiff again failed to demonstrate that he suffered any harassment or discrimination because of his alleged disabilities—all of it relates to his race. Moreover, like Plaintiff's amended complaint, he also only asserted conclusory statements about how he was treated differently because of his race. Hence, for the same reasons that Plaintiff failed to state Title VII and ADA discrimination claims in his amended complaint, he also failed to state those claims in his third amended complaint.

Additionally, neither Plaintiff's summary judgment briefings nor the evidence that he submitted with those briefings tip the scales in his favor.

His briefs add nothing new to his discrimination claims. In fact, besides the redundant factual recitations found on pages one through six, which only allude to possible harassment and

---

[1] Plaintiff claims that he has ADHD and PTSD. (Doc. 119-1 ¶ 31.) However, he fails to articulate how these purported disabilities affect a major life activity. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1218 (10th Cir. 2010) (explaining that plaintiff must precisely articulate how their disabilities substantially limit their life activities).

discriminatory conduct, he does not analyze his discrimination claims. (*See* Docs. 117-1, 119, 122, 139.) Rather, he focuses the analysis on his retaliation claims. (*See e.g.*, 119 at 10.)

Furthermore, although Plaintiff filed multiple exhibits, the only one that contained evidence that could possibly support a discrimination claim is his affidavit. (Doc. 119-1.)[2] After reviewing it, the court found three allegations that could constitute discriminatory treatment or harassment: Plaintiff carried heavier tubs of mud than white employees, (*id.* ¶ 7), Titus Curtis and Mikel Orender called Plaintiff a "lazy black dude" a few times, (*id.* ¶ 27), and the employee Kevin Mahler allegedly said that there shouldn't be black people, like Plaintiff, on job sites because he was complaining of race discrimination.[3] (*Id.* ¶ 34.)

First, these alleged discriminatory acts are unrelated to his alleged disabilities. There is no evidence indicating that Defendant discriminated against him on the basis of his disabilities.

There are also multiple issues with Plaintiff's Title VII discrimination claim. Based on the record, Plaintiff's assertion that he carried heavier tubs than white employees is patently false. Plaintiff testified in his deposition that the only other employee who was carrying the tubs was a black employee.[4] (Doc. 131-4 at 156:24–157:4.) Title VII is also not a "general civility code." *Morris v. City of Colorado Springs*, 666 F.3d 654, 663 (10th Cir. 2012) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)). Even if the court accepts as true that Plaintiff was called a "lazy black dude" and that employees complained about him being on the job site, that conduct does not give rise to a Title VII discrimination claim. It is at most juvenile conduct that is boorish and rude. Additionally, Plaintiff fails to demonstrate any connection

---

[2] Plaintiff uses the same affidavit in his response to Defendant's motion for summary judgment as well as his second motion for summary judgment. (Docs. 117-2, 122-1.)
[3] Plaintiff does not analyze his claims in the summary judgment briefings. They are bare bone briefings that merely repeat what is in his affidavit.
[4] The court notes that Plaintiff has not asserted Defendant discriminated against him by forcing him to do menial tasks that white employees were not assigned.

6

between this conduct and the termination of his employment. For example, Plaintiff does not argue that the person who made these comments decided to fire him.

Moreover, "nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; *conclusory and self-serving affidavits are not sufficient.*" *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (emphasis added). Plaintiff's affidavit is conclusory and self-serving. He has no other evidence that indicates Defendant discriminated against him on the basis of race, nor does he attempt to analyze his Title VII discrimination claims. Although the court acknowledges that Plaintiff is pro se, he cannot proceed to trial solely on his conclusory and self-serving assertions within his affidavit.

Therefore, after reviewing Plaintiff's third amended complaint, his summary judgment briefings, and the evidence he filed in support of his briefings, the court concludes that his Title VII and ADA discrimination claims are frivolous. Thus, they are summarily dismissed, and his summary judgment motions for those claims are denied.

IV. **Conclusion**

THEREFORE, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motions for summary judgment are DENIED. Additionally, Plaintiff's Title VII and ADA discriminations claims are also SUMMARILY DISMISSED. Any remaining pending motion is DENIED AS MOOT. If Defendant wishes to pursue attorney's fees and costs, as it requested in its summary judgment briefing, it must adhere to the proper procedure to pursue that request.

IT IS SO ORDERED. Dated this 5th day of August, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
